```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
MYSTIC, INC.,                                   :
                                                :   CASE NO. 1:16-CV-147
            Plaintiff,                          :
                                                :
    vs.                                         :   OPINION & ORDER
                                                :   [Resolving Docs. 30, 31 & 36]
KROY LLC d/b/a BUCKEYE                          :
BUSINESS PRODUCTS, INC.,                        :
                                                :
            Defendant/Third Party               :
            Plaintiff,                          :
                                                :
    vs.                                         :
                                                :
GENERAL DATA COMPANY, INC.                      :
                                                :
            Third Party Defendant.              :
                                                :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Mystic, Inc. brings breach of contract and breach of warranty claims against Defendant Kroy d/b/a Buckeye Business Products, Inc. ("Kroy").[1] Kroy has filed a Third-Party Complaint, seeking indemnification by Third-Party Defendant General Data Company.[2]

Defendant Kroy moves to dismiss the Complaint, arguing lack of subject matter jurisdiction.[3]

Separately, Third-Party Defendant General Data moves the Court for judgment on the pleadings with respect to the Third-Party Complaint, arguing that Kroy fails to establish a claim

---

[1] Doc. 1.
[2] Doc. 4.
[3] Doc. 36.

Case No. 16-CV-147
Gwin, J.

for relief.[4] General Data also moves the Court to dismiss the Third-Party Complaint under the *forum non conveniens* doctrine.[5]

For the following reasons, the Court **DENIES** General Data's motion for judgment on the pleadings, **DENIES** General Data's motion to dismiss the Third-Party Complaint, and **DENIES** Kroy's motion to dismiss the Complaint.

### I. Background

Plaintiff Mystic is a New York corporation that manufactures apparel, which it ships to retailers for sale to individual consumers.[6] Defendant Kroy is a Nevada limited liability corporation with its principal place of business in Cleveland, Ohio.[7] Kroy manufactures shipping labels.[8] Third-Party Defendant General Data is a Pennsylvania corporation with its principal offices in Ohio that obtains and sells shipping label rolls.[9]

To send apparel to retailers, Mystic affixes shipping labels to its merchandise boxes at its warehouse. Mystic prints the retailers' shipping information and bar codes onto the labels so that the retailers can electronically scan the labels upon receipt. If a retailer cannot scan the shipment label's bar code, the retailer imposes a "chargeback" penalty against Mystic for the increased time and cost associated with receipt of that shipment.[10]

In February 2015, Mystic ordered 600 shipping label rolls from Kroy.[11] Kroy states that the invoice order included a liability limitation clause that capped damages at the cost of labels,

---

[4] Doc. 30.
[5] Doc. 31.
[6] Doc. 1 at 1, 3.
[7] *Id.* at 3-4.
[8] *Id.*
[9] Doc. 31 at 4 n.2; Doc. 27 at 2.
[10] Doc. 1 at 2, 5.
[11] *Id.* at 4.

Case No. 16-CV-147
Gwin, J.

and precluded special, incidental, or consequential damages.[12] Third-Party Defendant General Data supplied Kroy with the labels that a different company manufactured.

General Data states that Kroy agreed to a forum selection clause that provided that any dispute between the parties was subject to jurisdiction in the Southern District of Ohio or the state courts of Clermont County, Ohio.[13]

Mystic alleges that the labels' content faded significantly after Mystic printed the shipping information on the labels.[14] Because of the faded bar codes, retailers like JCPenney, Bon-Ton, Macy's, Kohl's, Lord & Taylor, and Boscov's were unable to electronically scan the labels upon receipt of Mystic merchandise.[15] Accordingly, the retailers assessed more than $81,000 in chargebacks against Mystic.[16]

Claiming diversity jurisdiction, Mystic filed the Complaint on January 21, 2016. The Complaint alleges breach of contract and breach of warranty, and Mystic seeks to recover the retailers' chargeback penalties and related costs as damages.[17]

On February 19, 2016, Kroy filed an Answer and a Third-Party Complaint against General Data. The Third-Party Complaint alleges that any label defects resulted from actions or products supplied by General Data. Kroy seeks indemnification by General Data for any liability.[18] Third-Party Defendant General Data filed two motions to dismiss the Third-Party Complaint for insufficient service of process,[19] but this Court denied the motions and granted Kroy an extension to perfect service.

---

[12] Doc. 36 at 3.
[13] Doc. 31 at 1-2.
[14] *Id.* at 2.
[15] *Id.*
[16] *Id.* Mystic alleges that the aggregate chargebacks are now $121,398.00. Doc. 40 at 6.
[17] Doc. 1.
[18] Doc. 4. General Data filed an Answer to the Third-Party Complaint on June 28, 2016. Doc. 27.
[19] Doc. 12; Doc. 19.

Case No. 16-CV-147
Gwin, J.

On July 12, 2016, General Data filed a motion for judgment on the pleadings as to the Third-Party Complaint[20] and a motion to dismiss the Third-Party Complaint under *forum non conveniens*.[21] In the motion for judgment on the pleadings, General Data argues that Kroy's Third-Party Complaint lacks substantive factual allegations and fails to establish a claim for relief.[22] In the motion to dismiss, General Data argues that dismissal is warranted because Kroy's Third-Party Complaint fails to comply with forum-selection clauses to which Kroy agreed.[23]

On July 25, 2016, Defendant Kroy filed a motion to dismiss Mystic's Complaint for lack of subject matter jurisdiction.[24] In its motion, Kroy argues that the amount in controversy does not exceed $75,000.00 and, therefore, the Court lacks diversity subject matter jurisdiction. The Court will address each of the parties' motions.

## II. Discussion

*A. Motion for Judgment on the Pleadings*

Third-Party Defendant General Data moves for judgment on the pleadings with respect to the Third-Party Complaint. General Data argues that the Third-Party Complaint is "based upon nothing more than conclusory assertions, speculation and mere possibilities."[25]

On a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the Court employs the same standard as a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6).[26] Thus, "[f]or purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing

---

[20] Doc. 30. Defendant Kroy opposes the motion. Doc. 34.
[21] Doc. 31. Defendant Kroy opposes the motion. Doc. 35.
[22] Doc. 30 at 2-3.
[23] Doc. 31 at 1-2.
[24] Doc. 36. Plaintiff Mystic opposes the motion. Doc. 40.
[25] Doc. 30 at 3.
[26] *See Tucker v. Middleburg–Legacy Place,* 539 F.3d 545, 549 (6th Cir. 2008).

-4-

Case No. 16-CV-147
Gwin, J.

party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment."[27]

Federal Rule of Civil Procedure 8 provides the general standard of pleading and only requires that a complaint "contain . . . a short plain statement of the claim showing that the pleader is entitled to relief."[28] "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."[29] In deciding a motion to dismiss under Rule 12(b)(6), "a court should assume the [ ] veracity" of "well-pleaded factual allegations," but need not accept a plaintiff's conclusory allegations as true.[30]

Defendant Kroy makes sufficient allegations in its Third-Party Complaint against General Data. In that Third-Party Complaint, Kroy alleges a claim for indemnification. In its Third-Party Complaint, Kroy states that General Data supplied the labels that Mystic complains about and that Mystic purchased from Kroy.[31] Although Kroy denies that the labels were defective, Kroy claims that General Data is liable for any defects because it supplied the labels. A third-party complaint satisfies pleading requirements where the third-party plaintiff seeks indemnification by a supplier for damages incurred as a result of a defective product. Because Kroy has stated a plausible indemnification claim against General Data, judgment on the pleadings is not warranted.

---

[27] *Id.*
[28] Fed. R. Civ. P. 8(a)(2).
[29] *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).
[30] *Id.*
[31] Doc. 4 at 7.

-5-

Case No. 16-CV-147
Gwin, J.

*B. Motion to Dismiss – Forum non Conveniens*

Third-Party Defendant General Data moves to dismiss the Third-Party Complaint on the grounds of *forum non conveniens*. General Data argues that Third-Party Plaintiff Kroy has failed to comply with forum-selection clauses to which it previously agreed.[32]

"Under the common law doctrine of forum non conveniens, a district court may decline to exercise its jurisdiction, even though the court has jurisdiction and venue."[33] Dismissal on *forum non conveniens* grounds is only appropriate if the defendant establishes that (1) an available and adequate alternative forum can hear the claim and (2) that the *Gulf Oil*[34] balance of private and public factors "reveals that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court."[35] District courts must apply "a strong presumption in favor of a plaintiff's selected forum, particularly if the forum is the home of the plaintiff."[36] The doctrine of *forum non conveniens* "'has continuing application [in federal courts] only in cases where the alternative forum is abroad,' and perhaps in rare instances where a state or territorial court serves litigational convenience best."[37] The common-law doctrine of "domestic *forum non conveniens* has been replaced with [28 U.S.C. § 1404(a)]."[38]

The *forum non conveniens* doctrine is inapplicable here because the alternative forum identified by General Data is domestic. General Data, a domestic corporation, argues that forum-selection clauses require Kroy's claims to be heard in the Southern District of Ohio or the state

---

[32] Doc. 31 at 5.
[33] *Rustal Trading US, Inc. v. Makki*, 17 Fed. App'x 331, 335 (6th Cir. 2001).
[34] *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947).
[35] *Duha v. Agrium, Inc.*, 448 F.3d 867, 873 (6th Cir. 2006); *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 n.23 (1981).
[36] *Zions First Nat. Bank v. Moto Diesel Mexicana, S.A. de C.V.*, 629 F.3d 520, 523-24 (6th Cir. 2010).
[37] *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430 (2007) (quoting *American Dredging Co. v. Miller*, 510 U.S. 443, 449 (1994)).
[38] *Duha v. Agrium, Inc.*, 448 F.3d 867, 883 (6th Cir. 2006) (J. Cole, dissenting); *see also Ravelo Monegro v. Rosa*, 211 F.3d 509, 513 n.3 (9th Cir. 2000) (noting that § 1404(a) is "statutory replacement for domestic forum non conveniens in federal courts").

Case No. 16-CV-147
Gwin, J.

courts in Clermont County, Ohio. These alternative forums are not merely domestic, but are also within the same state as the Northern District of Ohio. The inconvenience of parties and witnesses traveling to a different part of Ohio is slight, and this case is not the "rare instance" where a state court would best serve "litigational convenience." Moreover, General Data is unable to show that the balance of hardships presented by litigating in the Northern District of Ohio weighs strongly in favor of dismissal. Dismissal on *forum non conveniens* grounds is unwarranted.

Even if the Court reads General Data's motion as a Rule 12(b)(3) motion to dismiss for improper venue, the motion fails.

Under Rule 12(b)(3), a party may move to dismiss a case when venue is "wrong" or "improper" in the forum in which it was brought.[39] Defendants wishing to raise improper venue must do so "in their first defensive move," which may or may not be the filing of an answer or a motion to dismiss.[40] "If a defendant interposes a pre-answer motion that fails to object to venue . . . [it] effectively has waived [its] right to obtain a dismissal on the ground of lack of venue."[41] Thus, a party making a Rule 12 motion to dismiss must raise its Rule 12(b)(3) objection for improper venue at the time of the original Rule 12 motion.[42]

Before General Data filed its answer and the *forum non conveniens* motion to dismiss, it filed two Rule 12(b)(5) motions to dismiss for insufficient service of process.[43] General Data

---

[39] Fed. R. Civ. P. 12(b)(3); *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. Of Texas*, 134 S. Ct. 568, 577 (2013).
[40] *Manchester Knitted Fashions, Inc. v. Amalgamated Cotton Garment & Allied Indus. Fund*, 967 F.2d 688, 692 (1st Cir. 1992); *see also* Fed. R. Civ. P. 12(g)(2) ("Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion").
[41] Wright & Miller, *Federal Practice and Procedure* § 1352 at 273-74 (2016).
[42] *Means v. United States Conference of Catholic Bishops*, --- F.3d ---, 2016 WL 4698275 (6th Cir. Sept. 8, 2016).
[43] Doc. 12; Doc. 19.

-7-

Case No. 16-CV-147
Gwin, J.

failed to raise the improper venue defense in either of those Rule 12 motions. Therefore, General Data effectively waived its right to obtain a dismissal on improper venue grounds.

Moreover, venue in the Northern District of Ohio is proper under § 1391(b)(1). Under § 1391(b)(1), a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."[44] In states with multiple districts, corporations are considered "residents" of any district in the state "within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State."[45] Because Defendant Kroy's principal place of business is Cleveland, Ohio, Kroy would be subject to personal jurisdiction in the Northern District of Ohio. Thus, Defendant Kroy is a "resident" of the Northern District of Ohio under § 1391(d). Venue in this district is therefore proper under § 1391(b)(1).

Third-Party Defendant General Data's forum selection clause does not change this analysis. "[V]enue is proper so long as the requirements of § 1391(b) are met, irrespective of any forum-selection clause."[46] Although a valid forum-selection clause adjusts the analysis for motions to transfer venue,[47] General Data seeks to dismiss the Third-Party Complaint entirely for improper venue, not to transfer venue.[48]

And even if General Data had filed a motion to transfer venue, the Court would not change venue. "'[T]he venue of the third-party proceedings will follow that of the original proceedings and third-party defendants may be brought in without regard to venue.'"[49] Thus, "a

---

[44] 28 U.S.C. § 1391(b)(1).
[45] 28 U.S.C. § 1391(d).
[46] *Atlantic Marine Const. Co.*, 134 S. Ct. at 578.
[47] *Id.* at 581.
[48] Doc. 31 at 5.
[49] *Ohio Savings Bank v. Manhattan Mortg. Co.*, 2006 WL 2045891, at *2 (N.D. Ohio Jul. 20, 2006) (quoting *McGrath v. Lund's Fisheries, Inc.*, 170 F. Supp. 173, 175 (D. Del. 1959)).

third-party defendant could not challenge the venue of the underlying action."[50] Defendant Kroy satisfies the § 1391(b)(1) requirements, and venue in the Northern District of Ohio is proper.

*C. Motion to Dismiss – Subject Matter Jurisdiction*

Defendant Kroy moves to dismiss Plaintiff Mystic's Complaint for lack of subject matter jurisdiction. Kroy argues that the amount in controversy is insufficient for diversity jurisdiction because a liability limitation clause in the invoice that Kroy sent Mystic caps damages at the cost of allegedly defective shipping labels.

Plaintiff Mystic invokes this Court's jurisdiction under 28 U.S.C. § 1332. In order for this Court to have subject matter jurisdiction in a diversity case, there must be complete diversity of citizenship and the amount in controversy must exceed $75,000, exclusive of interest and costs.[51] Kroy claims that Mystic fails to satisfy the amount in controversy requirement of 28 U.S.C. § 1332.

When considering a defendant's motion to dismiss for lack of subject matter jurisdiction due to failure to satisfy the amount in controversy, a federal court should assume "the sum claimed by the plaintiff controls if the claim is apparently made in good faith."[52] The defendant must show "to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."[53] Accordingly, in the motion to dismiss context, courts will only dismiss for failure to meet the amount in controversy requirement where "the applicable state law bar[s] the *type of damages* sought by the plaintiff."[54]

---

[50] *Id.*; *see also Am. Licorice Co. v. Total Sweeteners, Inc.*, 2014 WL 892409, at *6 (N.D. Cal. Mar. 4, 2014) (exempting third-party action from § 1391 analysis and declining to transfer third-party complaint to New York, despite New York forum selection clause); *Garner v. Enright*, 71 F.R.D. 656, 661 (E.D.N.Y. 1976) (holding that independent foundation for venue of third-party action is unnecessary "provided [that] venue is properly laid in the principal action").
[51] 28 U.S.C. § 1332.
[52] *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938).
[53] *Id.* at 289.
[54] *Kovacs v. Chesley*, 406 F.3d 393, 396 (6th Cir. 2005).

-9-

Case No. 16-CV-147
Gwin, J.

Mystic's claim does not fall within the narrow category of state law claims where the type of relief is unavailable under state law. Under Ohio law, a party bringing a breach of contract claim can recover damages for actual loss "established by evidence with reasonable certainty."[55] Ohio law permits a plaintiff to recover consequential damages suffered on a second, unrelated contract with another party. The plaintiff must demonstrate that, when entering into the primary contract, the defendant "had reason to foresee that a breach of the primary contract could cause the plaintiff to suffer damages on a second unrelated contract."[56]

Mystic seeks more than $141,000 in damages, which satisfies the amount in controversy requirement. Although the allegedly defective labels themselves were worth less than $10,000, Mystic seeks consequential damages in this action in excess of $75,000. Mystic suffered these consequential damages on secondary, unrelated contracts made with retailers. In its Complaint, Mystic asserted that retailers like Macy's and Kohl's had assessed Mystic more than $81,000 in chargebacks because they were unable to scan the faded bar codes printed on the defective labels.[57] The amount in controversy requirement is met, as there is no legal certainty that Mystic's claim is for less than the jurisdictional amount.

Furthermore, Defendant Kroy's argument misses the critical difference between a dismissal for failure to meet the amount in controversy requirement and a dismissal following summary judgment. "Whereas a court considering a summary judgment motion could examine defenses, such as qualified immunity, res judicata, or the application of a statute of limitations, a court considering a dismissal for failure to meet the amount in controversy requirement cannot."[58] To deny diversity jurisdiction, "it is generally not enough to show that the defendant

---

[55] *Evans Landscaping, Inc. v. Grubb,* No. C–090139, 2009 WL 4882817, at *3 (Ohio Ct. App. Dec.18, 2009).
[56] *Sherman R. Smoot Co. v. Ohio Dept. of Adm. Serv.*, 736 N.E.2d 69, 81 (Ohio Ct. App. 2000).
[57] Doc. 1 at 2. In its opposition to Kroy's motion to dismiss, Mystic alleges that the aggregate chargebacks are now $121,398.00. Doc. 40 at 6.
[58] *Kovacs*, 406 F.3d at 396.

Case No. 16-CV-147
Gwin, J.

will prevail on the merits."[59] Defendant Kroy grounds its amount-in-controversy argument in a limitation-of-liability defense that is more appropriately made in support of a motion for summary judgment. The Court cannot consider this argument in a motion to dismiss.

### III. Conclusion

For the reasons above, the Court **DENIES** General Data's motion for judgment on the pleadings, **DENIES** General Data's motion to dismiss the Third-Party Complaint, and **DENIES** Kroy's motion to dismiss the Complaint.

IT IS SO ORDERED.

Dated: September 20, 2016                    *s/        James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE

---

[59] *Id.* at 397.

-11-