UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

| | |
|---|---|
| MYSTIC, INC., : | |
| : | CASE NO. 1:16-CV-147 |
| Plaintiff, : | |
| : | |
| vs. : | OPINION & ORDER |
| : | [Resolving Doc. 43] |
| KROY LLC d/b/a BUCKEYE : | |
| BUSINESS PRODUCTS, INC., : | |
| : | |
| Defendant/Third Party : | |
| Plaintiff, : | |
| : | |
| vs. : | |
| : | |
| GENERAL DATA COMPANY, INC. : | |
| : | |
| Third Party Defendant. : | |
| : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Third-Party Defendant General Data Company, Inc. ("General Data") moves this Court to compel Plaintiff Mystic, Inc. to produce (1) the contact information of the retailers whose chargebacks form the basis of Mystic's claimed damages and (2) the documents underlying Mystic's damages calculation.[1] General Data also seeks its attorneys' fees in filing the motion and sanctions against Mystic that would preclude Mystic from using the undisclosed information on a motion, at a hearing, or at trial.[2]

In response, Mystic says that the requested information has been provided.[3] Mystic also states that General Data failed to meet and confer about the discovery dispute.[4]

---
[1] Doc. 43 at 1-2.
[2] *Id.* at 4.
[3] Doc. 46 at 3.
[4] *Id.* at 4.

Case No. 16-CV-147
Gwin, J.

In its Complaint, Mystic identified six retailers that imposed chargeback penalties.[5] Mystic has identified the names of two retailers' accounts-payable representatives.[6] With respect to the remaining four retailers, Mystic has only provided generic e-mail addresses.[7]

The Court finds that representatives from the six retailers that imposed chargebacks are likely to have discoverable information.[8] The Court **ORDERS** Plaintiff Mystic to produce the name and contact information of the account representatives from the six chargeback retailers identified in its Complaint. Mystic shall provide Third-Party Defendant General Data with this information by **September 28, 2016.**

In its reply brief, General Data acknowledges that Mystic has "belatedly provided some documents relating to the chargebacks by its vendors."[9] The Court therefore **DENIES** General Data's motion to compel production of records concerning damages. The Court also does not find attorneys' fees or other sanctions warranted for this first delay in discovery.

Accordingly, the Court **GRANTS IN PART and DENIES IN PART** Third-Party Defendant General Data's motion to compel.

IT IS SO ORDERED.

Dated: September 20, 2016                                    *s/         James S. Gwin*
                                                            JAMES S. GWIN
                                                            UNITED STATES DISTRICT JUDGE

---

[5] Doc. 1 at 2, 5.
[6] Doc. 48 at 2.
[7] *Id.* For example, the Boscov's contact information provided by Mystic was the e-mail address "accountspayable@boscovs.com."
[8] *See* Fed. R. Civ. P. 26(a)(1)(A)(i).
[9] Doc. 48 at 5.

-2-